**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DERRICK JESUS ODEN, SR., | ) Case No.: 1:14-cv-00873-LJO-BAM (PC) |
| Plaintiff, | ) |
| | ) SCREENING ORDER DISMISSING COMPLAINT |
| v. | ) AND GRANTING LEAVE TO AMEND |
| | ) (ECF No. 1) |
| STATE OF CALIFORNIA, et al., | ) |
| | ) |
| Defendants. | ) THIRTY-DAY DEADLINE |
| | ) |
| | ) |
| | ) |

**I.      Screening Requirement and Standard**

Plaintiff Derrick Jesus Oden, Sr. ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff's complaint, filed on June 9, 2014, is currently before the Court for screening.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but

1

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

## II.     Plaintiff's Allegations

Plaintiff is currently housed at California State Prison, Lancaster. Plaintiff has named the following defendants: (1) Anthony Grounds, Warden at Salinas Valley State Prison; (2) Governor of California Brown; and (3) the State of California.

Plaintiff alleges as follows:

> While housed in Prison at Northern Kern Prison in Delano Plaintiff contracted Valley Fever. This was October 2010. Defendants were aware of the Valley Fever in the area as well as the fact that Plaintiff had asthma. Plaintiff was rushed to Delano Reginal Hospetal with a fever of 104. Plaintiff now suffer from weakness, chronic pain, skin discoloration, painful caughs, he aches, night sweats, joint pain, and other problems associated with the Valley Fever including Psychological and neurological. Plaintiff also claim hes not getting adequate medical care for pain.

(ECF No. 1, p. 3) (unedited text). Plaintiff seeks ten million dollars, compassionate release and non-formulary medications to treat the Valley Fever.

///

///

///

2

1    ### III.    Discussion

2    ### A.  Federal Rule of Civil Procedure 8

3    Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain

4    statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed

5    factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action,

6    supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted).

7    Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is

8    plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570, 127 S.Ct. at 1974).

9    While factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550

10   U.S. at 556–557.

11   Here, Plaintiff's complaint is short, but it fails to set forth sufficient factual matter to state a

12   claim for relief that is plausible on its face.  Plaintiff's complaint lacks basic facts, including what

13   happened and who was involved in his placement at North Kern State Prison, how defendants were

14   aware that he had asthma, when he was first housed at North Kern State Prison, and the care he did or

15   did not receive.  Plaintiff will be given leave to cure these deficiencies.

16   ### B.  Linkage Requirement

17   The Civil Rights Act under which this action was filed provides:

18   Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen
19   of the United States ... to the deprivation of any rights, privileges, or immunities secured by the
     Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other
20   proper proceeding for redress.

21   42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link between the

22   actions of the defendants and the deprivation alleged to have been suffered by Plaintiff.  See Monell v.

23   Dep't of Soc. Servs., 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); Rizzo v. Goode, 423 U.S.

24   362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). The Ninth Circuit has held that "[a] person 'subjects'

25   another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an

26   affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally

27   required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d

28   740, 743 (9th Cir. 1978).

3

Here, Plaintiff fails to link any individual defendant to a constitutional violation.   Instead, Plaintiff lumps the individual defendants together with the State.  Plaintiff will be given leave to cure this deficiency.  If Plaintiff elects to amend his complaint, he must allege what each individual defendant did or did not do that resulted in a violation of his rights.

### C.  Eleventh Amendment

To the extent Plaintiff seeks to bring claims against the State for monetary damages, he may not do so.  The Eleventh Amendment prohibits suits for monetary damages against a State, its agencies, and state officials acting in their official capacities. Aholelei v. Dep't of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007).

### D.  Deliberate Indifference/Cruel and Unusual Punishment

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A prisoner's claim does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the "minimal civilized measure of life's necessities," and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). In order to find a prison official liable under the Eighth Amendment for denying humane conditions of confinement within a prison, the official must know "that inmates face a substantial risk of serious harm and disregard [ ] that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. 825, 847 (1994).

Here, Plaintiff has not set forth sufficient factual allegations to state a claim for deliberate indifference against any individual.  Plaintiff's complaint is filled with conclusory statements and does not demonstrate that the Warden of Salinas Valley State Prison or the Governor knew of a substantial risk of serious harm to Plaintiff by his placement at North Kern State Prison and failed to take reasonable measures to abate it.  Further, Plaintiff's decision to lump all defendants together rather than identifying those persons he believes are responsible for the constitutional violations also is not sufficient.  Plaintiff will be given leave to cure these deficiencies.

///

4

### E.  Deliberate Indifference to Serious Medical Needs

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir .2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096; Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012).

Deliberate indifference is shown where the official is aware of a serious medical need and fails to adequately respond. Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1018 (9th Cir. 2010). "Deliberate indifference is a high legal standard." Id. at 1019; Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). The prison official must be aware of facts from which he could make an inference that "a substantial risk of serious harm exists" and he must make the inference. Farmer, 511 U.S. at 837.

Although Plaintiff complains of inadequate medical care, he does not provide sufficient factual allegations to state a cognizable claim for deliberate indifference to serious medical needs against any individual defendant.  Plaintiff will be given leave to cure this deficiency.

### IV.    Conclusion and Order

Plaintiff has failed to state a cognizable claim against any individual defendant.  The Court will grant Plaintiff an opportunity to cure the identified deficiencies.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1948-49.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

1    Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims

2  in his first amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot"

3  complaints).

4    Finally, Plaintiff is advised that an amended complaint supersedes the original complaint.

5  Lacey v. Maricopa County, 693 F.3d 896, 927 (9th Cir. 2012).  Therefore, Plaintiff's amended

6  complaint must be "complete in itself without reference to the prior or superseded pleading."  Local

7  Rule 220.

8    Based on the foregoing, it is HEREBY ORDERED that:

9    1.    The Clerk's Office shall send Plaintiff a complaint form;

10   2.    Plaintiff's complaint is dismissed with leave to amend;

11   3.    Within thirty (30) days from the date of service of this order, Plaintiff shall file a first

12  amended complaint; and

13   4.    If Plaintiff fails to file a first amended complaint in compliance with this order, this

14  action will be dismissed for failure to obey a court order and failure to state a claim.

15

16  IT IS SO ORDERED.

17    Dated:   **October 15, 2014**          /s/ *Barbara A. McAuliffe*

18                                 UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26

27

28