UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRICK JESUS ODEN, SR., | ) Case No.: 1:14-cv-00873-LJO-BAM (PC) |
| Plaintiff, | ) ORDER VACATING FINDINGS AND RECOMMENDATIONS REGARDING DIMSISSAL OF ACTION |
| v. | ) (ECF No. 13) |
| STATE OF CALIFORNIA, et al., | ) |
| Defendants. | ) SCREENING ORDER DISMISSING SECOND AMENDED COMPLAINT WITH LEAVE TO AMEND |
| | ) (ECF No. 14) |
| | ) THIRTY-DAY DEADLINE |

**I.     Procedural Background**

Plaintiff Derrick Jesus Oden, Sr. ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  On February 13, 2015, the Court dismissed Plaintiff's first amended complaint with leave to amend within thirty days.  (ECF No. 12.) After more than thirty days had passed and Plaintiff failed to file a second amended complaint, the undersigned issued Findings and Recommendations regarding dismissal of this action for failure to obey a court order and failure to state a claim. (ECF No. 13.)  The following day, on March 27, 2015, Plaintiff filed his second amended complaint. (ECF No. 14.)  As it appears the second amended

1

complaint and the Findings and Recommendations crossed in the mail, the Court HEREBY VACATES the Findings and Recommendations issued on March 26, 2015.

Plaintiff's second amended complaint, filed on March 27, 2015, is currently before the Court for screening. (ECF No. 14.)

## II.   Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

///

///

**III.     Plaintiff's Allegations**

Plaintiff is currently housed at California State Prison, Lancaster.  Plaintiff has named the following defendants:  (1) Director of Corrections; (2) Warden Howls, Lancaster; (3) Warden, North Kern; (4) Brian Lee, CSR; (5) Chief Medical Officer, North Kern; (6) C. Nungaray, Correctional Counselor, Lancaster; (7) C. Wofford, Chief Deputy Warden, Lancaster; (8) R. Knowles, Facility Captain, Lancaster; (9) R. Butler, Correctional Counselor, Lancaster; (10) Facility Physician, North Kern; (11) Correctional Counselor, North Kern; (12) Correctional Counselor II at North Kern; and (13) Facility Captain, North Kern.

Plaintiff alleges:  On May 14, 2009, Defendants Nungaray, C. Wofford, R. Knowles, and R. Butler sat in on Plaintiff's Program Review Committee (ICC).  Plaintiff was put for transfer to institutions in the Kern County area, which were documented high risk areas for Plaintiff to contract Valley Fever due the fact that he was African American with the condition of asthma.  A restriction chrono was prepared and signed by Dr. T. Bzoskie and S. Mastatania on July 14, 2008, which indicated that Plaintiff was high risk of contracting Valley Fever.  When Plaintiff mentioned the chrono to the committee and his risk of being transferred to the Kern County area, the committee assured Plaintiff that he would be transferred to a prison in Kern County and if he tried to challenge the system then things would only get worse.  Plaintiff was afraid to challenge the transfer and the committee made no mention of Plaintiff's restrictive chrono.  The committee also falsely stated that Plaintiff was in agreement with the committee's actions.

On May 29, 2009, Defendant Brian Lee reviewed Plaintiff's case for transfer and endorsed him to KVSP-IV, which is a Kern County prison in Delano.  When Plaintiff's case was brought before Defendant Lee, the restriction chrono was a part of Plaintiff's case custody file.  The high risk caution was disregarded by Defendant Lee.

After his transfer to KVSP, in June or July 2009, Plaintiff appeared before a classification committee.  Plaintiff alleges that the Warden, Chief Medical Officer, Facility Physician, Correctional Counselor I, Correctional Counselor II and Facility Captain participated in the committee.  At that time, Plaintiff advised the committee that he was a document high risk of Valley Fever and should not

3

be housed in the Kern County area.  The committee determined that because Plaintiff's transfer was an "adverse transfer," he had to stay at KVSP.

A KVSP facility physician evaluated Plaintiff upon his arrival to KVSP.  In July 2009, the physician advised Plaintiff that he was at high risk for Valley Fever and should not have come to the prison.  He also repeated that Plaintiff was an adverse transfer.

In October 2009, Plaintiff contracted Valley Fever.  He was rushed to Delano Regional Hospital with a 104° temperature.  Plaintiff was advised that he had contracted Valley Fever while housed at KVSP.  Plaintiff alleges that Valley Fever has caused chronic joint pain, skin discoloration, permanent lung damage and lung disease.  He is currently taking medications for Valley Fever and has experienced night sweats, weight loss, fatigue and difficulty breathing.

**IV.  Discussion**

**A.  Federal Rule of Civil Procedure 18**

Federal Rule of Civil Procedure 18 states that "[a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s] but also to ensure that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (citing 28 U .S.C. § 1915(g)).

Here, Plaintiff is attempting to bring suit against multiple defendants for different incidents at different times and different institutions.  For example, Plaintiff is attempting to bring suit against prison officials at Lancaster for transferring him to KVSP, while simultaneously bringing suit against prison officials at KVSP for retaining him in that facility.  If Plaintiff chooses to file an amended complaint and it fails to comply with Rule 18(a), all unrelated claims will be subject to dismissal.

///

///

### B. Supervisory Liability

Plaintiff may not impose liability on Defendants Howls and the Director of CDCR based on their roles as supervisors. Supervisory personnel may not be held liable under section 1983 for the actions of subordinate employees based on respondeat superior, or vicarious liability. Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013); accord Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Lacey v. Maricopa County, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc). "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Crowley, 734 F.3d at 977 (citation and quotation marks omitted); accord Lemire, 726 F.3d at 1074-75; Lacey, 693 F.3d at 915-16. "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." Crowley, 734 F.3d at 977 (citing Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)) (internal quotation marks omitted).

Plaintiff has failed to state a cognizable claim against Defendants Howls and the Director of CDCR.

### C. Deliberate Indifference/Cruel and Unusual Punishment

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A prisoner's claim does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the "minimal civilized measure of life's necessities," and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). In order to find a prison official liable under the Eighth Amendment for denying humane conditions of confinement within a prison, the official must know "that inmates face a substantial risk of serious harm and disregard [ ] that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. 825, 847 (1994).

<u>Defendants Wofford, Knowles, Nungaray, and Butler</u>

Plaintiff fails to state a cognizable claim for deliberate indifference against Defendants Wofford, Knowles, Nungaray and Butler regarding the proposed transfer.  There is no indication that Defendants reviewed the restriction chrono or that they knew that transfer of Plaintiff to Kern County posed a serious risk that he would contract Valley Fever.

Further, according to Plaintiff's exhibits, Defendants Wofford, Knowles, Nungaray and Butler proposed transfer of Plaintiff to CCI-IV 180/SATF-IV 180.  (ECF No. 14, p. 14.)  However, Defendant Lee, CSR, reported that the facilities proposed by Defendants Wofford, Knowles, Nungaray and Butler were "not currently available."  (ECF No. 14, p. 15.)  Defendant Lee endorsed Plaintiff to KVSP-IV(180).  (ECF No. 14, p. 15.)  Thus, Defendants Wofford, Knowles, Nungaray and Butler were not responsible for Plaintiff's institutional placement at Kern Valley State Prison.

<u>Defendant Brian Lee</u>

Plaintiff fails to state a cognizable claim for deliberate indifference against Defendant Brian Lee.  According to the exhibits, Defendant Lee endorsed Plaintiff for transfer to "KVSP-IV (18)." (ECF No. 14, p. 15.)  However, there is no indication that Defendant Lee knew of the restriction chrono.  Plaintiff's conclusory statement that the chrono was in Plaintiff's case file is not sufficient to demonstrate that Defendant Lee knew of any serious risk to Plaintiff's health from a transfer to KVSP.

<u>Defendants Warden, Correctional Counselor I, Correctional Counselor II, Facility Captain, Chief Medical Officer and Facility Doctor (North Kern)</u>

Plaintiff fails to state a cognizable deliberate indifference claim against Defendants Warden, Correctional Counselor I, Correctional Counselor II, Facility Captain, Chief Medical Officer and Facility Doctor.

With regard to the Facility Doctor, Plaintiff alleges that the doctor evaluated Plaintiff on his arrival to KVSP and was aware that Plaintiff suffered from asthma.  Although the Facility Doctor reportedly acknowledged that Plaintiff should not have been transferred to KVSP, there is no indication that the Facility Doctor was responsible for the transfer of Plaintiff or had any ability to change Plaintiff's housing assignment.  Further, there are no factual allegations demonstrating knowledge of any risk of harm from exposure to Valley Fever at North Kern.

With regard to the remaining defendants, Plaintiff alleges that they made no initial action of transferring Plaintiff to a different prison after receiving the medical chrono indicating that Plaintiff was at risk of catching Valley Fever.  However, Plaintiff has not sufficiently alleged facts demonstrating when and how these defendants learned that Plaintiff was at risk of contracting Valley Fever.  Plaintiff's conclusory assertion that defendants received his medical chrono, without more, is not sufficient to demonstrate that these defendants knew of and disregarded a substantial risk of serious harm.

### D.  Doe Defendants

Plaintiff has asserted claims against unknown defendants.  "As a general rule, the use of 'John Doe' to identify a defendant is not favored." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir.1980).  Plaintiff is advised that Doe defendants (i.e., unknown defendants) cannot be served by the United States Marshal until Plaintiff has identified them as actual individuals and amended his complaint to substitute names for the Does.

### V.  Conclusion and Order

Plaintiff has failed to state a cognizable claim against any individual defendant.  As Plaintiff is proceeding pro se, the Court will grant Plaintiff a final opportunity to cure the identified deficiencies.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1948-49.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint.  Lacey, 693 F.3d at 927.  Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading."  Local Rule 220.

7

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;
2. Plaintiff's amended complaint is dismissed with leave to amend;
3. Within thirty (30) days from the date of service of this order, Plaintiff shall file a third amended complaint; and
4. <u>If Plaintiff fails to file a third amended complaint in compliance with this order, this action will be dismissed for failure to obey a court order and failure to state a claim</u>.

IT IS SO ORDERED.

Dated: **June 1, 2015**          /s/ *Barbara A. McAuliffe*
                                 UNITED STATES MAGISTRATE JUDGE