**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

|  |  |
|---|---|
| DERRICK JESUS ODEN, SR., | ) Case No.: 1:14-cv-00873-LJO-BAM (PC) |
| Plaintiff, | ) <br> ) FINDINGS AND RECOMMENDATIONS |
| v. | ) REGARDING (1) SEVERANCE AND TRANSFER <br> ) OF CERTAIN CLAIMS AND DEFENDANTS AND |
| STATE OF CALIFORNIA, et al., | ) (2) DISMISSAL OF CERTAIN CLAIMS AND <br> ) DEFENDANTS |
| Defendants. | ) <br> ) |
|  | ) (ECF No. 22) <br> ) |

## I.    Procedural Background

Plaintiff Derrick Jesus Oden, Sr. ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  On June 1, 2015, the Court dismissed Plaintiff's second amended complaint with leave to amend.  Plaintiff's third amend complaint, filed on September 16, 2015, is currently before the Court for screening.  (ECF No. 22).

## II.    Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief

from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

### III.    Plaintiff's Allegations

Plaintiff is currently housed at California State Prison, Lancaster ("Lancaster"). Plaintiff has named the following defendants: (1) Scott Kernan, Director of Corrections; (2) Lancaster Warden Howls; (3) North Kern Warden Kelly Harrington; (4) Brian Lee, CSR; (5) Chief Medical Officer, North Kern; (6) J. Acebedo, North Kern Counselor; (7) C. Wofford, Chief Deputy Warden, Lancaster; (8) R. Knowles, Facility Captain, Lancaster; (9) R. Butler, Correctional Counselor, Lancaster; (10) Facility Physician, North Kern; (11) S. Swaim, Correctional Counselor, North Kern; (12) R. Thomas, B-Facility Captain, North Kern Prison; (13) C. Nungaray, Counselor, Lancaster; and (14) L. Parker, CSPR, Lancaster.

Plaintiff alleges: On July 14, 2008, Dr. T. Bzoskie and Dr. S. Mostatania medically evaluated Plaintiff, and documented on CDCR 125-C-1 Reception Center Medical Clearance Restriction Information Chrono ("Chrono") that Plaintiff was "high risk" for Valley Fever because (1) he was African American; and (2) he suffered from asthma.

On May 14, 2009, Plaintiff appeared before the Lancaster Classification Committee ("Committee") for Program Review. Plaintiff's case file was before the Committee for consideration. Plaintiff alleges that the Lancaster defendants acted with deliberate indifference to Plaintiff's risk of contracting Valley Fever when they chose to transfer him to the Kern County area knowing that this county was high risk for contracting Valley Fever. When Plaintiff mentioned his Chrono to the Committee and his risk of being transferred to the Kern County area, the Committee assured Plaintiff that he would be transferred to a prison in Kern County and if he tried to challenge the system then things would only get worse.

On May 29, 2009, Defendant Brian Lee reviewed Plaintiff's case for transfer and endorsed him to KVSP-IV, which is a Kern County prison in Delano. When Plaintiff's case was brought before Defendant Lee, the Chrono was a part of Plaintiff's case custody file. The "high risk" caution in his Chrono was disregarded by Defendant Lee. The Chrono also was disregarded by Defendant L. Parker, who reviews inmate transfers.

Plaintiff alleges that Defendant Howls was the Lancaster Warden at the time Plaintiff was put up for transfer to Kern County. Plaintiff further alleges that Defendant Howls was responsible for policies and procedures affecting the safe housing and proper medical care for prisoners. Plaintiff also alleges that the Director of Corrections is equally entrusted with those responsibilities, but failed in the duty to oversee the appropriate housing of inmates in the custody of the California Department of Corrections and Rehabilitation.

On June 24, 2009, Plaintiff was transferred to Kern Valley State Prison ("KVSP") and appeared before a classification committee. At that time, Plaintiff advised Defendants J. Acebedo, S. Swaim and R. Thomas that he was a documented high risk for Valley Fever and should not be housed in the Kern County area. The committee decided to keep Plaintiff housed at KVSP.

Within two weeks of his arrival at KVSP, a facility physician evaluated Plaintiff because he is a chronic care inmate. The physician stated that Plaintiff could be housed in Kern County.

In October 2009, Plaintiff contracted Valley Fever. He was rushed to Delano Regional Hospital with a 104° temperature. Plaintiff was advised that he had contracted Valley Fever while housed at KVSP. Plaintiff alleges that Valley Fever has caused chronic joint pain, skin discoloration, permanent lung damage and lung disease. He is currently taking medications for Valley Fever and has experienced night sweats, weight loss, fatigue and difficulty breathing.

## IV. Discussion

### A. Lancaster Defendants

In his third amended complaint, Plaintiff alleges that he was improperly transferred to and retained at Kern Valley State Prison despite prison officials' knowledge that he was documented to be "high risk" for Valley Fever and should not be housed in the Kern County area. Plaintiff names defendants at California State Prison, Lancaster and Kern Valley State Prison. Kern Valley State Prison is located in this district, but California State Prison, Lancaster is located in the Central District of California.

A party asserting a claim "may join, as independent or alternative claims, as many claims as it has against an opposing." Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." George, 507 F.3d at 607. However, multiple parties may be joined as defendants in one action if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and [ ] any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Therefore, claims against different parties may be joined together in one complaint *only if* the claims have similar factual backgrounds and have common issues of law or fact. Coughlin v. Rogers, 130 F.3d 1348, 1350–51 (9th Cir. 1997).

While Plaintiff's allegation that he was documented "high risk" for contracting Valley Fever is common to both prisons, he presents claims that are unique to each prison with respect to transfer to

and retention at Kern Valley State Prison. As a result, it is recommended that Plaintiff's claims arising from events that occurred at Lancaster and involving Lancaster defendants be severed from this action.

In considering transfer versus dismissal of the severed defendants and claims, the Ninth Circuit has advised district courts to conduct a prejudice analysis before dismissing the severed parties pursuant to Federal Rule of Civil Procedure 21. Rush v. Sport Chalet, Inc., 779 F.3d 973, 975 (9th Cir. 2015) (abuse of discretion to dismiss rather than sever claims against improperly joined parties without evaluating the prejudice to the plaintiff of dismissal). The Ninth Circuit expressly noted that such consideration should include "loss of otherwise timely claims if new suits are blocked by statutes of limitations." Rush, 779 at 975 (citation omitted).

No statute of limitations is set out in 42 U.S.C § 1983. Instead, California's two year statute of limitations on personal injury claims applies. Cal. Code Civ. Proc. § 335.1; Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004); Canatella v. Van De Camp, 486 F.3d 1128, 1132 (9th Cir. 2007); Maldanado v. Harris, 370 F.3d 945, 954 (9th Cir. 2004). Under federal law, a civil rights claim like this accrues when plaintiff knows or has reason to know of the injury giving rise to the claim. Olsen v. Idaho State Bd. of Med., 363 F.3d 916, 926 (9th Cir. 2004).

With respect to his claims against the Lancaster defendants, Plaintiff knew or should have known of the injury no later than October 2009, when he contracted Valley Fever. Plaintiff did not initiate this lawsuit until June 9, 2014, suggesting that his claims against the Lancaster defendants are likely time-barred.

Nonetheless, the Court recognizes that in some circumstances equitable tolling may preserve a claim that is otherwise barred by the statute of limitations by extending or suspending the accrual of the limitations period. Jones, 393 F.3d 928. In determining whether a civil rights claim is time-barred, federal courts apply the forum state's equitable tolling provisions to the extent they are not inconsistent with federal law. See Fink v. Shedler, 192 F.3d 911, 916 (9th Cir. 1999). Tolling includes the period of time for exhausting administrative remedies. Brown v. Valoff, 422 F.3d 926, 943 (9th Cir. 2005) (stating "the applicable statute of limitations must be tolled while a prisoner completes the mandatory exhaustion process" required by 42 U.S.C. § 1997e(a)).

On the face of the complaint, the Court cannot determine whether or to what extent equitable tolling may apply to Plaintiff's claims. Therefore, in consideration of the potential prejudice resulting from severance and dismissal, and in an abundance of caution, the Court will recommend transfer of the claims against the Lancaster defendants. Based on this recommendation, the Court will limit its screening to the Kern Valley State Prison defendants and the Director of the California Department of Corrections and Rehabilitation.

### B. Deliberate Indifference/Cruel and Unusual Punishment

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A prisoner's claim does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the "minimal civilized measure of life's necessities," and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). In order to find a prison official liable under the Eighth Amendment for denying humane conditions of confinement within a prison, the official must know "that inmates face a substantial risk of serious harm and disregard [ ] that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. 825, 847 (1994).

Defendants Scott Kernan and Chief Medical Officer (Kern)

Plaintiff fails to state a cognizable deliberate indifference claim against Defendants Scott Kernan and Chief Medical Officer (Kern). Plaintiff has not sufficiently alleged that either of these defendants knew, at any time, that he faced a substantial risk of serious harm from his transfer to or retention at Kern Valley State Prison. Further, to the extent Plaintiff seeks to impose liability against these defendants based on their roles as supervisor, he may not do so.

Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. Iqbal, 556 U.S. at 676–77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020–21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a

sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013) (citation and quotation marks omitted); accord Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Lacey v. Maricopa Cnty., 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc). "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." Crowley, 734 F.3d at 977 (citing Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)) (internal quotation marks omitted).

Here, Plaintiff has not alleged that either Scott Kernan or the Chief Medical Officer was involved in the decision to transfer or retain Plaintiff at Kern Valley State Prison. Plaintiff also has not alleged that either of these defendants instituted a policy that was the moving force behind any asserted constitutional violation. Instead, Plaintiff has alleged that other defendants disregarded his risk of contracting Valley Fever if he were transferred to and retained at Kern Valley State Prison.

Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to state a claim against Scott Kernan and the Chief Medical Officer at Kern Valley State Prison. The Court therefore finds that further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Defendants J. Acebedo, S. Swaim and R. Thomas

At the pleading stage, Plaintiff has stated a cognizable Eighth Amendment claim for deliberate indifference against Defendants Acebedo, Swaim and Thomas.

Defendant Facility Physician (Kern)

Plaintiff has failed to state a cognizable claim against the Facility Physician at Kern Valley State Prison. Plaintiff has alleged only that the physician examined him and determined that he could be housed at Kern Valley State Prison. Insofar as Plaintiff disagrees with this conclusion, such disagreement is not sufficient to state a deliberate indifference claim. Indeed, a prisoner's disagreement with a physician's treatment or diagnosis does not support a claim of deliberate indifference. See Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

Plaintiff has been unable to cure the deficiencies in his claim against the Facility Physician at Kern Valley State Prison, and therefore the Court finds that further leave to amend is not warranted. Lopez, 203 F.3d at 1130.

### C. **Conclusion and Recommendations**

For the reasons stated, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's claims against California State Prison, Lancaster defendants--Warden Howls; Brian Lee, CSR; C. Wofford, Chief Deputy Warden, Lancaster; R. Knowles, Facility Captain, Lancaster; R. Butler, Correctional Counselor, Lancaster; C. Nungaray, Counselor, Lancaster; and L. Parker, CSPR, Lancaster--be severed from this action and transferred to the Central District of California;

2. This action proceed on Plaintiff's Eighth Amendment claim for deliberate indifference against Defendants J. Acebedo, S. Swaim and R. Thomas; and

3. All other claims and defendants be dismissed from this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen** (**14**) **days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).


IT IS SO ORDERED.

Dated:   __**May 22, 2017**__                         ___/s/ _Barbara A. McAuliffe_____
                                                        UNITED STATES MAGISTRATE JUDGE