# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRICK JESUS ODEN, | Case No. 1:14-cv-00873-LJO-BAM (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S THIRD MOTION FOR EXTENSION OF TIME AND REQUEST FOR PRELIMINARY INJUNCTION |
| v. | |
| STATE OF CALIFORNIA, et al., | |
| Defendants. | (ECF No. 31) |
| | **FOURTEEN (14) DAY DEADLINE** |

Plaintiff Derrick Jesus Oden ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983. Plaintiff is currently housed at California State Prison, Sacramento ("CSP – Sacramento").

On May 23, 2017, the Court screened Plaintiff's third amended complaint and issued findings and recommendations recommending that: (1) Plaintiff's claims against defendants at California State Prison, Lancaster be severed and transferred to the Central District of California; (2) this action proceed on Plaintiff's claim against Defendants J. Acebedo, S. Swaim, and R. Thomas for deliberate indifference in violation of the Eighth Amendment; and (3) all other claims and defendants be dismissed from this action. (ECF No. 26.) Those findings and recommendations were served on Plaintiff and contained notice that any objections thereto were to be filed within fourteen (14) days after service. (Id.)

1

On June 5, 2017, Plaintiff filed a notice of change of address and motion for extension of time to file objections.  (ECF No. 27.)  The Court issued an order granting Plaintiff's motion, extending the deadline to July 12, 2017.  (ECF No. 28.)  On June 29, 2017, Plaintiff filed a declaration, which the Court construed as a second motion for extension of time.  (ECF No. 29.)  The Court granted the motion on July 6, 2017.  (ECF No. 30.)

On July 10, 2017, a letter to the Clerk of the Court dated July 3, 2017 was docketed as a third motion for extension of time to file objections to the Court's findings and recommendations.  Plaintiff states that he is still awaiting access to his legal property, and suggests that a call to the prison may assist him, as he has already attempted to write to the property officers of C-Yard, B-Yard, the warden, and has filed Inmate Complaint forms.  (ECF No. 31.)  Plaintiff's request appears to have crossed in the mail with the Court's order of July 6, 2017.

To the extent Plaintiff requests that the Clerk of the Court contact prison officials at CSP – Sacramento regarding his legal property, the Court construes this request as a motion for a preliminary injunction.

"A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."  Zepeda v. U.S. Immig. & Naturalization Serv., 753 F.2d 719, 727 (9th Cir. 1983).  In this case, the Court has screened Plaintiff's complaint, found that he stated cognizable claims against Defendants J. Acebedo, S. Swaim, and R. Thomas for deliberate indifference in violation of the Eighth Amendment, and recommended that this action proceed on those claims.  (ECF No. 26.)  Those findings and recommendations are unresolved, pending the submission of Plaintiff's objections and consideration by the assigned District Judge.  No defendants have been ordered served, and no defendants have yet made an appearance.

Plaintiff seeks relief against prison officials who are not parties to this action.  Federal Rule of Civil Procedure 65(d)(2) states that an order granting preliminary injunctive relief only binds the parties, the parties' officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with the aforementioned persons.  There is no suggestion that the property officers or warden at CSP – Sacramento are officers, agents, servants,

employees, or attorneys for any of the defendants in this action, and there is no evidence or allegation that these persons are acting in concert with any defendant. Accordingly, the Court has no authority to issue an order directing the prison officials at CSP – Sacramento to return Plaintiff's legal property to him.

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Plaintiff's third request for an extension of time (ECF No. 31) be DENIED as moot; and
2. Plaintiff's request for the Clerk of the Court to contact prison officials at CSP – Sacramento (ECF No. 31) be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 12, 2017**    /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE