# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRICK JESUS ODEN,<br><br>  Plaintiff,<br><br>  v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>  Defendants. | Case No. 1:14-cv-00873-LJO-BAM (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, (Doc. No. 32), AND DENYING THIRD MOTION FOR EXTENSION OF TIME, (Doc. No. 31), AS MOOT<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, (Doc. No. 26), AND SEVERING AND DISMISSING CERTAIN CLAIMS AND DEFENDANTS FOR THE FAILURE TO STATE A COGNIZABLE CLAIM |

Plaintiff Derrick Jesus Oden ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

**I.   Relevant Procedural Background**

On May 23, 2017, the assigned Magistrate Judge issued findings and recommendations recommending that: (1) Plaintiff's claims against defendants at California State Prison, Lancaster be severed and transferred to the Central District of California; (2) this action proceed on Plaintiff's claim against Defendants J. Acebedo, S. Swaim, and R. Thomas for deliberate indifference in violation of the Eighth Amendment; and (3) all other claims and defendants be

1

dismissed from this action. (Doc. No. 26.) Those findings and recommendations were served on Plaintiff and contained notice that any objections thereto were to be filed within fourteen (14) days after service. (Id.)

Plaintiff requested, (Doc. Nos. 27, 29), and was granted, (Doc. Nos. 28, 30), two extensions of time to file objections to those findings and recommendations.

On July 10, 2017, a letter from Plaintiff was docketed. (Doc. No. 31.) The assigned Magistrate Judge construed the letter as a motion for a preliminary injunction against prison officials regarding the return of Plaintiff's legal property, that Plaintiff asserted was needed to file his objections. On July 12, 2017, the assigned Magistrate Judge issued findings and recommendations recommending that Plaintiff's motion be denied. (Doc. No. 32.)

On July 14, 2017, Plaintiff filed objections to the May 23, 2017 findings and recommendations, with a declaration in support. (Doc. No. 33.) Plaintiff declares that he received his legal property and promptly filed the objections. Those objections were timely filed under the extensions of time that were granted, as discussed above.

Thus, the Court adopts the findings and recommendations regarding Plaintiff's motion for injunctive relief, and denies Plaintiff's request as moot. The Court turns to addressing the May 23, 2017 findings and recommendations.

**II.     May 23, 2017 Findings and Recommendations**

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of this case and carefully reviewed the entire file, including Plaintiff's objections. The Court finds that the May 23, 2017 findings and recommendations are supported by the record and by proper analysis.

Plaintiff objects to the findings that he has failed to state a cognizable claim against the Facility Physician at Kern Valley State Prison. Plaintiff objections that the physician can be held liable for a violation of his constitutional rights, because he alleged that the physician is responsible for making decisions based on Plaintiff's medical file, and the physician made an incorrect decision. On the contrary, the Court agrees with the findings and recommendations that Plaintiff alleges no more than a disagreement with a diagnosis or contentions of medical

2

1 malpractice, which cannot support a cognizable claim under § 1983. See Toguchi v. Chung, 391
2 F.3d 1051, 1060 (9th Cir. 2004) ("A showing of medical malpractice or negligence is insufficient
3 to establish a constitutional."); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989) ("A difference
4 of opinion does not amount to a deliberate indifference to Sanchez' serious medical needs.").

Plaintiff also objects to his claim against Defendant Lee being severed and transferred to the Central District of California, because he believes employees like Lee work from home and he is uncertain of where Lee is actually located. (Doc. No. 33, p. 3.) Plaintiff asserts that he is concerned about lack of jurisdiction. The Court finds that Plaintiff's claim against Defendant Lee should be transferred and severed with the other claims Plaintiff raises regarding his transfer from California State Prison, Lancaster, and that any jurisdictional concerns, should they arise, are most properly evaluated by the transferee court.

**III.     Conclusion and Order**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The findings and recommendations, issued on July 12, 2017 (Doc. No. 32), are adopted in full;
2. Plaintiff's motion seeking injunctive relief, filed on July 10, 2017 (Doc. No. 31), is denied as moot;
3. The findings and recommendations, issued on May 23, 2017 (Doc. No. 26), are adopted in full;
4. Plaintiff's claims against California State Prison, Lancaster defendants—Warden Howls; Brian Lee, CSR; C. Wofford, Chief Deputy Warden, Lancaster; R. Knowles, Facility Captain, Lancaster; R. Butler, Correctional Counselor, Lancaster; C. Nungaray, Counselor, Lancaster; and L. Parker, CSPR, Lancaster—are severed from this action and transferred to the Central District of California;
5. This action proceeds on Plaintiff's Eighth Amendment claim for deliberate indifference against Defendants J. Acebedo, S. Swaim and R. Thomas;
6. All other claims and defendants are dismissed from this action based on Plaintiff's failure to state claims upon which relief may be granted; and

7. This matter is referred back to the assigned Magistrate Judge for proceedings consistent with this order.

IT IS SO ORDERED.

Dated: **July 27, 2017**          **/s/ Lawrence J. O'Neill**
UNITED STATES CHIEF DISTRICT JUDGE