# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRICK JESUS ODEN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>　　　　Defendants. | Case No. 1:14-cv-00873-LJO-BAM (PC)<br><br>ORDER TO SHOW CAUSE WHY DEFENDANT THOMAS SHOULD NOT BE DISMISSED FROM THIS ACTION FOR FAILURE TO PROVIDE SUFFICIENT INFORMATION TO EFFECTUATE SERVICE<br><br>(ECF No. 39)<br><br>**THIRTY (30) DAY DEADLINE** |

**I.　　Introduction**

Plaintiff Derrick Jesus Oden ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, initiated this civil rights action pursuant to 42 U.S.C. § 1983 on June 9, 2014. This action proceeds on Plaintiff's third amended complaint, filed on September 16, 2015, against Defendants J. Acebedo, S. Swaim, and R. Thomas for deliberate indifference to a serious risk in violation of the Eighth Amendment.

**II.　　Service by the United States Marshal**

On August 7, 2017, following screening of the third amended complaint, the Court issued an order directing the United States Marshal to initiate service of process in this action upon Defendants Acebedo, Swaim, and Thomas. (ECF No. 37.) On October 10, 2017, the United States Marshal filed a return of service unexecuted as to Defendant Thomas. (ECF No. 39.)

1

1  Federal Rule of Civil Procedure 4(m) provides as follows:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed.R.Civ.P. 4(m).

In cases involving a plaintiff proceeding in forma pauperis, the Marshal, upon order of the court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(3). "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint, and . . . should not be penalized by having his or her action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform the duties required of each of them . . . ." Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . . .'" Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472, 115 (1995). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's sua sponte dismissal of the unserved defendant is appropriate. Walker, 14 F.3d at 1421–22.

Here, the U.S. Marshal attempted to serve Defendant Thomas with the information that Plaintiff provided. However, the Marshal was informed that Defendant Thomas is not employed at North Kern State Prison or Kern Valley State Prison. (ECF No. 39.) Plaintiff therefore has not provided sufficient information to identify and locate Defendant Thomas for service of process. If Plaintiff is unable to provide the Marshal with the necessary information to identify and locate this defendant, Defendant Thomas shall be dismissed from this action, without prejudice. Pursuant to Rule 4(m), the Court will provide Plaintiff with the opportunity to show cause why Defendant Thomas should not be dismissed from the action at this time.

///

///

### III. Conclusion and Order

Based on the foregoing, it is HEREBY ORDERED that:

1. Within **thirty (30) days** from the date of service of this order, Plaintiff shall show cause why Defendant Thomas should not be dismissed from this action; and

2. <u>The failure to respond to this order or the failure to show cause will result in the dismissal of Defendant Thomas from this action</u>.

IT IS SO ORDERED.

Dated: **October 12, 2017**          /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE