# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRICK JESUS ODEN, | Case No. 1:14-cv-00873-LJO-BAM (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANTS' MOTION TO DISMISS |
| v. | |
| STATE OF CALIFORNIA, et al., | (ECF No. 42) |
| Defendants. | **FOURTEEN (14) DAY DEADLINE** |

**Findings and Recommendations**

**I.     Introduction**

Plaintiff Derrick Jesus Oden ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action currently proceeds on Plaintiff's third amended complaint against Defendants Acebedo, Swaim, and Thomas ("Defendants") for deliberate indifference to a serious risk in violation of the Eighth Amendment, in relation to their alleged decision not to transfer Plaintiff out from Kern Valley State Prison.

On October 16, 2017, Defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). By this motion, Defendants seek to dismiss this action on the grounds that the third amended complaint fails to state a claim upon which relief can be granted, and because Defendants are entitled to qualified immunity as a matter of law. (ECF No. 42.) On

1

December 15, 2017, Plaintiff opposed the motion. (ECF No. 48.) Defendants filed a reply on December 21, 2017. (ECF No. 49.) The motion is deemed submitted. Local Rule 230(l).

For the reasons discussed below, the Court recommends that Defendants' motion to dismiss be granted.

**II.     Summary of Relevant Allegations in the Third Amended Complaint**

Plaintiff is currently housed at California State Prison, Sacramento. At the time of the events at issue, Plaintiff was housed at Kern Valley State Prison ("KVSP") in Delano, California.

Plaintiff alleges: On July 14, 2008, Dr. T. Bzoskie and Dr. S. Mostatania medically evaluated Plaintiff, and documented on CDCR 125-C-1 Reception Center Medical Clearance Restriction Information Chrono ("Chrono") that Plaintiff was "high risk" for Valley Fever because (1) he was African American; and (2) he suffered from asthma.

On June 24, 2009, Plaintiff was transferred to KVSP and appeared before a classification committee. At that time, Plaintiff advised Defendants J. Acebedo, S. Swaim and R. Thomas that he was a documented high risk for Valley Fever and should not be housed in the Kern County area. The committee decided to keep Plaintiff housed at KVSP.

Within two weeks of his arrival at KVSP, a facility physician evaluated Plaintiff because he is a chronic care inmate. The physician stated that Plaintiff could be housed in Kern County.

In October 2010, Plaintiff contracted Valley Fever. He was rushed to Delano Regional Hospital with a 104° temperature. Plaintiff was advised that he had contracted Valley Fever while housed at KVSP. Plaintiff alleges that Valley Fever has caused chronic joint pain, skin discoloration, permanent lung damage and lung disease. He is currently taking medications for Valley Fever and has experienced night sweats, weight loss, fatigue and difficulty breathing.

**III.     Defendants' Motion to Dismiss**

**A. Legal Standards**

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a claim, and dismissal is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Conservation Force v. Salazar, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (quotation marks and citations omitted). To survive a motion to dismiss, a

complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)) (quotation marks omitted); Conservation Force, 646 F.3d at 1242; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The Court must accept the well-pled factual allegations as true and draw all reasonable inferences in favor of the non-moving party. Daniels-Hall v. Nat'l Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010); Sanders v. Brown, 504 F.3d 903, 910 (9th Cir. 2007); Huynh v. Chase Manhattan Bank, 465 F.3d 992, 996–97 (9th Cir. 2006); Morales v. City of L.A., 214 F.3d 1151, 1153 (9th Cir. 2000). Further, prisoners proceeding *pro se* in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted).

### B. Deliberate Indifference in Violation of the Eighth Amendment

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). The two-part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096; Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012).

Deliberate indifference is shown where the official is aware of a serious medical need and fails to adequately respond. Simmons v. Navajo Cty., Ariz., 609 F.3d 1011, 1018 (9th Cir. 2010). "Deliberate indifference is a high legal standard," Simmons, 609 F.3d at 1019; Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was a "purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm, Jett, 439 F.3d at 1096. The prison official must be aware of facts from which he could make an inference that "a substantial risk of serious harm exists" and he must make the inference. Farmer v. Brennan, 511 U.S. 825, 837 (1994).

### C. Qualified Immunity

Qualified immunity protects "government officials . . . from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). When considering an assertion of qualified immunity, the court makes a two-pronged inquiry: (1) whether the plaintiff has alleged the deprivation of an actual constitutional right and (2) whether such right was clearly established at the time of defendant's alleged misconduct. See Pearson v. Callahan, 555 U.S. 223, 232 (2009) (quoting Saucier v. Katz, 535 U.S. 94, 201 (2001)). "Qualified immunity gives government officials breathing room to make reasonable but mistaken judgments about open legal questions." Ashcroft v. al-Kidd, 563 U.S. 731, 743 (2011).

"For the second step in the qualified immunity analysis—whether the constitutional right was clearly established at the time of the conduct—the critical question is whether the contours of the right were 'sufficiently clear' that every 'reasonable official would have understood that what he is doing violates that right.' " Mattos v. Agarano, 661 F.3d 433, 442 (9th Cir. 2011) (quoting al-Kidd, 563 U.S. at 741) (some internal marks omitted). "The plaintiff bears the burden to show that the contours of the right were clearly established." Clairmont v. Sound Mental Health, 632 F.3d 1091, 1109 (9th Cir. 2011). "[W]hether the law was clearly established must be undertaken in light of the specific context of the case, not as a broad general proposition." Estate of Ford, 301 F.3d at 1050 (citation and internal marks omitted). In making this determination, courts consider the state of the law at the time of the alleged violation and the information possessed by the official to determine whether a reasonable official in a particular factual situation should have been on notice that his or her conduct was illegal. Inouye v. Kemna, 504 F.3d 705, 712 (9th Cir. 2007); see also Hope v. Pelzer, 536 U.S. 730, 741 (2002) (the "salient question" to the qualified immunity analysis is whether the state of the law at the time gave "fair warning" to the officials that their conduct was unconstitutional). "[W]here there is no case directly on point, 'existing precedent must have placed the statutory or constitutional question beyond debate.' " C.B. v. City of Sonora, 769 F.3d 1005, 1026 (9th Cir. 2014) (citing al-Kidd, 563 U.S. at 740). An official's subjective beliefs are irrelevant. Inouye, 504 F.3d at 712.

**D. Parties' Positions**

Defendants argue that Plaintiff has failed to allege facts demonstrating that his risk of contracting Valley Fever was so grave that Defendants violated the Eighth Amendment by declining to transfer him from KVSP, or that the risk of contracting Valley Fever is so severe that nobody would willingly expose themselves to that risk by living in Kern County. Further, the third amended complaint fails to identify any policy Defendants purportedly violated that could have made them subjectively aware that Plaintiff faced an objectively serious risk to his health. Finally, Defendants argue that they are entitled to qualified immunity because the law was not clearly established in 2009 that housing an African American inmate with asthma in Kern County violated the Constitution.

In his opposition, Plaintiff argues that Defendants were aware that transferring Plaintiff to KVSP was a serious risk to his health due to a November 2007 memorandum regarding the exclusion of inmate-patients susceptible to coccidioidomycosis from highest risk (hyperendemic) area institutions, including KVSP. Plaintiff further argues that Defendants were aware of the risk due to the medical alert chronos he brought to their attention during the classification hearing.

In reply, Defendants contend that Plaintiff did not meet the qualifying criteria in the November 2007 memorandum, which did not include either African-American ethnicity or asthma. In addition, the two chronos relied upon by Plaintiff also do not show that Plaintiff was particularly susceptible to contracting Valley Fever, and the medical evaluation conducted after Plaintiff's transfer to KVSP establishes that he was appropriately housed in Kern County. Finally, Defendants argue that Plaintiff has not met his burden to show that the law at the time clearly established that Defendants' conduct violated the Constitution.

**E. Discussion**

The undersigned need not determine whether Plaintiff has stated a cognizable claim under the Eighth Amendment. Rather, due to the unsettled case law concerning Valley Fever in the California federal district courts, as discussed below, the Court finds that Defendants are entitled to qualified immunity. Because the Court finds that the second prong of the qualified immunity analysis is not satisfied, it need not reach the first. See Pearson, 555 U.S. at 236.

Courts within the Eastern District of California have held that wardens and prison officials are entitled to qualified immunity with respect to Eighth Amendment claims regarding exposure to and contraction of Valley Fever. See Williams v. Hill, No. 1:16-cv-00540-LJO-EPG, 2017 WL 1494610, at *7 (E.D. Cal. Apr. 26, 2017) (finding defendants are entitled to qualified immunity because the right of not being exposed to cocci was not clearly established at the time it was allegedly violated); Smith v. Schwarzenegger, 137 F.Supp.3d 1233, 1242–52 (E.D. Cal. Oct. 7, 2015), appeal docketed Case No. 15-17155 (9th Cir. Oct. 29, 2015); Price v. C&PR, 2018 WL 1071211 (E.D. Cal. Feb. 26, 2018) (By November of 2016, it was not beyond debate that if you were an inmate susceptible to Valley Fever, there was a clearly established right not to be housed at NKSP, located in an area endemic for Valley Fever.); Jackson v. Brown, 134 F.Supp.3d 1237, 1239–49 (E.D. Cal. 2015); Hines v. Yousseff, 2015 U.S. Dist. LEXIS 65441, *12–*28 (E.D. Cal. May 18, 2015). See also Jimenez v. Rothchild, No. 15-CV-02493-BAS-AGS, 2017 WL 4003769, at *2 (S.D. Cal. Sept. 12, 2017) (no clearly established constitutional right for exposure to Valley Fever). This is because, as these cases make clear, the law with respect to exposure to and contraction of Valley Fever was unsettled and therefore, no liability can be imposed.

Most notably, in Smith, a consolidated class action presently on appeal in the Ninth Circuit, District Judge O'Neill found the defendants were entitled to qualified immunity "because the applicable law remains unsettled and unclear," despite prisoner allegations of individual susceptibility to contracting Valley Fever because of ethnicity, compromised immune systems, or advanced age. 137 F. Supp. 3d at 1241; accord Williams v. Hill, No. 1:16-cv-0540-LJO-EPG, 2017 WL 1494610, at *7 (E.D. Cal. Apr. 26, 2017); Cunningham v. Kramer, 178 F. Supp. 3d 999, 1005 (E.D. Cal. 2016) ("The Court finds no Supreme Court or published Ninth Circuit case determining whether an inmates environmental exposure to Valley Fever or other environmental organism would be a violation of the Eighth Amendment," and noting that defendants would be entitled to qualified immunity on a claim that defendants housed inmates in a prison located in an area endemic for Valley Fever).

Moreover, despite the substantial litigation in this district, no consensus among district courts has developed. "The law here is underdeveloped and contradictory, and no 'consensus of

6

cases of persuasive authority' exists such that a reasonable officer could" believe the alleged conduct was unlawful. <u>Williams</u>, 2017 WL 1494610, at *7 (quoting <u>Wilson v. Layne</u>, 526 U.S. 603, 617 (1999)). Because the law was unsettled in 2009 and remains unsettled, the Court is persuaded that Defendants are entitled to qualified immunity.

### IV. Conclusion and Recommendation

Accordingly, IT IS HEREBY RECOMMENDED that Defendants' motion to dismiss (ECF No. 42), be GRANTED on the ground that Defendants are entitled to qualified immunity.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, under 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **September 4, 2018**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE